## THE PATRICK McGUIRL.

### (Circuit Court of Appeals, Second Circuit. November 11, 1912.)

#### No. 2.

TOWAGE (§ 15*)—LOSS OF TOW—NEGLIGENCE OF TUG.

> The findings of the trial court that the sinking of a lighter when in tow was not due to any negligence on the part of the tug, either because of excessive speed or otherwise, which would render her liable for the loss, *held* supported by the evidence.
>
> [Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 30–38; Dec. Dig. § 15.*]

Appeal from the District Court of the United States for the Southern District of New York; George B. Adams, Judge.

Suit in admiralty by Lester W. Beasley, owner of the lighter Lizzie D. Beasley, against the steam tug Patrick McGuirl; Patrick McGuirl, claimant. Decree for respondent, and libelant appeals. Affirmed.

For opinion below, see 168 Fed. 453.

Nelson L. Keach, of New York City, for appellant.

De Lagnel Berier and James J. Macklin, both of New York City, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The testimony does not support the libelant's contention that a special contract was made to send a small tug, and not an ocean-going tug, to tow the lighter. The burden was upon the libelant to establish such a contract and he has wholly failed to sustain it. Assuming that such an agreement was made, it does not aid the libelant, for in fact the McGuirl was not a large, ocean-going tug, but an ordinary harbor tug. She was but 67 feet in length, only 12 feet longer than the lighter. In no view of the testimony can the accident be attributed to the size of the tug. It is manifest that the conditions would have been the same even if the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tug had been smaller. The hawser was not, as the libelant's brief asserts, 20 feet in length; it was from 15 to 20 fathoms in length. The assumption that the disaster would have been averted if a smaller tug had been employed is based upon the merest conjecture. We see no reason to doubt that a smaller tug, towing at the same speed, would have produced the same result. We cannot accept the libelant's testimony that the mate of the lighter was unable to make himself heard by those on the tug when he signaled to the latter to slow down. If such signals were given they must have been heard by those on the tug. The fact that they were not heard by the master with the windows of the pilothouse open renders it at least doubtful whether such signals were given.

That the speed was not excessive is established by a preponderance of proof. The lighter was taken in tow at 3:15 and sank at 4:15 and during that hour she traveled 5½ miles, which cannot be considered excessive speed. The tug was not an insurer; she was only required to use due diligence and navigate with care and prudence. Unless it be clearly established that her negligence produced the accident, she cannot be held liable and such proof has not been given. If conjecture is to be indulged in, it is quite as likely that the accident was the result of improper loading of an old and unseaworthy lighter, as that it occurred from the fault of the tug. The question was one of fact and, as we have repeatedly held, the findings of the trial judge, who has had the advantage of hearing the witnesses, will not be disturbed unless clearly against the weight of testimony.

The decree is affirmed.